Mather v. Brokaw.

STATE, DEWITT C. MATHER AND MARGARET H. MATHER
PROSECUTORS, v. GEORGE V. N. BROKAW.

1. A wife is not responsible for the wages of an employe of her husband,. although such wages were sometimes paid by her.
2. An assault upon child of an employe not residing on the employer's premises—by one not under control of employer, and not by his direction, knowledge or consent—is not a justifiable cause for leaving the employment before the expiration of the term for which he was employed.

On *certiorari* to Middlesex Pleas.

Argued at June Term, 1881, before Justices DIXON and PARKER.

For the prosecutors, *Edward F. Strong.*

For the defendant, *Robert Adrain.*

The opinion of the court was delivered by

PARKER, J. An action of debt was brought in the court for the trial of small causes, by George V. N. Brokaw against Dewitt C. Mather and Margaret H. Mather. He obtained judgment in that court against both defendants for the full amount claimed.

The defendants appealed, and on the trial of the appeal, it appeared that Brokaw worked by the month, his term of service commencing on the 11th day of each month, and that he quit the employment on the 27th day of October, 1878. The reason given for leaving before his month had expired, was, that an inmate of Mr. Mather's family had committed an assault on a son of Brokaw. The son did not reside with Mather, nor with his father on the premises.

It appears by the evidence, that on the 27th day of October, the assault was committed, and Mr. Brokaw left the same day.

Neither Mr. nor Mrs. Mather knew of the assault when it occurred, nor is there any evidence that either of them knew any assault was contemplated.

Mrs. Mather was not the owner of the premises upon which Brokaw worked. Her husband hired Brokaw, and Mrs. Mather sometimes, when her husband was sick or absent, paid the wages with her husband's money.

The jury in the Court of Common Pleas rendered a verdict for the whole amount claimed, including wages from the 11th of October to the 27th of October, against both the prosecutors.

Two objections are raised by the prosecutors to these proceedings and judgment: one relating to the liability of the wife for any part of the claim; and the other, to the liability of the husband for wages from October 11th to 27th, 1878, inclusive.

The farming was carried on by the husband. Mrs. Mather did not hire Brokaw, nor did she pay him any part of his wages out of her own money. The court charged the jury that they could not, on the evidence, find a verdict against Mrs. Mather for any part of the claim. The jury disregarded the charge in that respect.

The charge of the court as to the non-liability of the wife was right, and a verdict contrary to such charge was wrong. *Wilson* v. *Herbert*, 12 *Vroom* 454.

The next question is, whether an employe for a term certain, leaving before the expiration of the time agreed upon without consent of employer, can recover wages for the part of the time he has served. He cannot, unless he had justifiable cause for leaving. *Ewing* v. *Ingram*, 4 *Zab.* 520.

In this case there was no evidence of facts which would legally justify Brokaw in leaving the employment. The assault was not on him. The assault on the son was not the act of the employer, nor did it have any relation to the contract or its performance, on either side. It did not give the employe any right to rescind.

The court was requested to charge the jury that under the

evidence there was no justifiable cause for Brokaw to leave Mather's employment during his month of service. The court refused so to charge, but left the decision of the law to the jury. In this the court erred.

The judgment is reversed, with costs.